UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
EVANSVILLE DIVISION

| | |
|---|---|
| DONALD B. GRAY, BRIAN GATEWOOD, MICHAEL GEORGE, TODD ROBERTSON, KEVIN KIRKWOOD, MICHAEL SINGER, LARRY EBERHARD, RANDY SIMON, DENNIS GLANCY, MARK BOUCHIE, WILLIAM HOKE, LANA RIDDLE, JOHN MINNETTE, MICHAEL DUGAN, JAMES TENBARGE, PATRICK TYRING, and JAMES PECKENPAUGH, on their own behalf and on behalf of a class of persons similarly situated, | 3:15-cv-00031-RLY-MPB |
| Plaintiffs, | |
| vs. | |
| VECTREN CORPORATION COMBINED NON-BARGAINING RETIREMENT PLAN and VECTREN CORPORATION, | |
| Defendants. | |

**ENTRY ON DEFENDANTS' MOTION FOR JUDGMENT ON THE PLEADINGS**

As part of the merger of the Pension Plan for Salaried Employees of Southern Indiana Gas and Electric Company ("SIGECO Plan") into the Vectren Corporation Combined Non-Bargaining Retirement Plan ("Vectren Plan"), Plaintiffs, all of whom were SIGECO Plan participants immediately before the plan merger, were offered the choice of having their future benefits under the Vectren Plan calculated using either the formula that had applied to them under the traditional SIGECO Plan or the applicable cash balance formula under the Vectren Plan. Plaintiffs, as well as the proposed class,

1

were all required to make their election by June 23, 2000.  Plaintiffs chose to have their future benefits calculated under the Vectren Plan's cash balance formula and the results of that choice, they allege, have been financially devastating.

Plaintiffs commenced this action on March 12, 2015, with the filing of the Plaintiffs' Class Action Complaint.  In Count I, Plaintiffs allege that the Defendants, Vectren Corporation and the Vectren Plan[1] (collectively "Vectren"), breached their fiduciary duties under the Employee Retirement Income Security Act ("ERISA") by: (1) making misleading or false statements in material circulated prior to Plaintiffs' election in 2000 and in Summary Plan Descriptions ("SPDs") issued in 2003 and 2010; (2) omitting material information Plaintiffs needed in order to properly evaluate the risks of the Vectren Plan; and (3) failing to protect Plaintiffs' accrued benefits.  In Count II, Plaintiffs allege that Vectren illegally "cut back" their protected benefits in violation of ERISA § 204(g), 29 U.S.C. § 1054(b).

On July 10, 2015, Vectren filed a Motion for Judgment on the Pleadings.  Vectren argues that Plaintiffs' breach of fiduciary duty claim is barred by the applicable statute of limitations under ERISA § 413, 29 U.S.C. § 1113.  Vectren also argues that Plaintiff's illegal "cut back" claim should be dismissed for two reasons.  First, the claim is time-barred by the applicable statute of limitations and second, Plaintiffs fail to state a claim upon which relief can be granted.  On March 21, 2016, the court held oral argument.

---

[1] Plaintiffs refer to the Vectren Plan and Vectren Corporation collectively as "Vectren" and assert that Vectren breached its fiduciary duty.  By law the Plan is not a fiduciary and therefore cannot be liable for an alleged breach of fiduciary duty.  29 U.S.C. § 1002(21)(A).

Having considered the pleadings, the documentary submissions that are a part of the pleadings, and the applicable law, the court finds, at this stage of the proceedings, that Count I should not be dismissed. The statute of limitations argument is a close call, and one more suited for disposition on a motion for summary judgment. *See Brownmark Films, LLC v. Comedy* Partners, 682 F.3d 687, 690 (7th Cir. 2012) (noting that statute of limitations defenses "typically turn on facts not before the court at th[e] [pleading] stage of the proceedings"); *Cancer Found. v. Cerberus Capital Mgmt.*, 559 F.3d 671, 674 (7th Cir. 2009) ("Dismissing a complaint at the pleading stage is an unusual step, since a complaint need not anticipate and overcome affirmative defenses, such as the statute of limitations.").

With respect to Count II, ERISA's anti-cutback rule provides, "The accrued benefit[2] of a participant under a plan may not be decreased by an amendment of the plan . . . ." ERISA § 204(g) (1), 29 U.S.C. § 1054(g)(1). Section 204(g) further provides that "a plan amendment which has the effect of . . . (A) eliminating or reducing an early retirement benefit or a retirement-type subsidy (as defined in regulations), or (B) eliminating an optional form of benefit, with respect to benefits attributable to service before the amendment shall be treated as reducing accrued benefits." *Id*. § 204(g)(2).

Plaintiffs' claim is based on Vectren's alleged failure to pay them, in addition to their accrued protected benefit, the annual pay credits, annual interest credits, and

---

[2] A participant's "accrued benefit, in the case of a defined benefit plan, [means] the individual's accrued benefit determined under the plan and, except as provided in Section 204(c)(3) of this title, expressed in the form of an annual benefit commencing at normal retirement age." 29 U.S.C. § 1002(23).

3

medical and life insurance credits equal to $310.00 per year, promised to them as part of the cash back formula. But this claim requires a prohibited amendment to a covered plan that decreases the accrued benefit of a participant under the plan. There is no such allegation in the Complaint. Furthermore, in compliance with Section 204(g), the post-merger Vectren Plan expressly preserved Plaintiffs' accrued protected benefit under the SIGECO formula. Section 2.02 of the Plan provides:

> [T]he Accrued Protected Benefit of a Member who was a participant in the SIGECO Pension Plan on June 30, 2000 but who is not a Transitional SIGECO Member[3] should under no circumstances be less than his Accrued Benefit determined at [sic] June 30, 2000 under the provisions of the SIGECO Pension Plan then in effect.

(Filing No. 43-1 at 6). Thus, the plain language of the post-merger plan expressly preserved all of Plaintiffs' accrued benefits under the SIGECO formula. Count II should therefore be dismissed.

For the reasons set forth above, Vectren's Motion for Judgment on the Pleadings (Filing No. 19) is **DENIED** on Count I of the Complaint and **GRANTED** on Count II of the Complaint.

**SO ORDERED** this 29th day of March 2016.

                                             RICHARD L. YOUNG, CHIEF JUDGE
                                             United States District Court
                                             Southern District of Indiana

---

[3] A "Transitional SIGECO Member" is "any Member who was employed by Southern Indiana Gas and Electric Company on March 31, 2000 . . . and who elected the benefit formula described in Section 4.03(d)(ii) [the SIGECO Plan formula]." (Filing No. 43-1 at 6).

Distributed Electronically to Registered Counsel of Record.