**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF INDIANA**
**EVANSVILLE DIVISION**

| | |
|---|---|
| DONALD B. GRAY, *et al.* on their own behalf and on behalf of a class of persons similarly situated, | )<br>)<br>)<br>) |
| Plaintiffs, | )<br>) |
| v. | ) CAUSE NO: 3:15-cv-31-RLY-MPB<br>)<br>) |
| VECTREN CORPORATION COMBINED NON-BARGAINING RETIREMENT PLAN and VECTREN CORPORATION as plan administrator for the plan, | )<br>)<br>)<br>)<br>) |
| Defendants. | ) |

## ORDER AND FINAL JUDGMENT

Plaintiffs Donald B. Gray *et al.* and Defendants Vectren Corporation Combined Non-Bargaining Retirement Plan and Vectren Corporation (collectively, "Vectren") entered into a Settlement Agreement to fully and finally resolve all claims pending against Vectren. On May 31, 2017, the Court granted preliminary approval of the proposed Settlement between Plaintiffs and Vectren ("Preliminary Approval Order") (Dkt. 91). The Court authorized dissemination of notice of the Settlement and the Final Settlement Hearing to the Settlement Class. *Id.* Notice was disseminated to the Settlement Class in accordance with the Preliminary Approval Order, and a Final Settlement Hearing was held on August 15, 2017.

Having now considered the Plaintiffs' and all others' written submissions, oral argument at the Final Settlement Hearing, and all evidence and records filed in this matter, and having already held, for the reasons set out in detail in the Preliminary Approval Order that: (i) the Court has jurisdiction over this action; (ii) the Settlement satisfies Federal Rule of Civil

Procedure 23(e)(2)'s requirement that it be "fair, adequate, and reasonable;" (iii) the Settlement satisfies the requirements of Federal Rule of Civil Procedure 23(a)-(b); and (iv) the notice provided to the Settlement Class satisfied the requirements of Federal Rule of Civil Procedure 23(c)(2)(B), (e)(1), and the due process requirements of the Constitution,

**IT IS HEREBY ORDERED, ADJUDGED AND DECREED:**

1. This Court has jurisdiction over this Lawsuit.

2. The terms capitalized in this Order and Final Judgment have the same meanings as those used in the Settlement Agreement.

3. The Court hereby certifies, for settlement purposes only, the following Settlement Class pursuant to Federal Rule of Civil Procedure 23 and reaffirms its appointment of Settlement Class Counsel on behalf of this class: All current and former Vectren Plan participants who were participants in the SIGECO Plan and who chose the Cash Balance Formula over the Traditional Formula when the SIGECO Plan was merged into the Vectren Plan.

4. Certification of the Settlement Class is done for settlement purposes only. As part of the Settlement, Vectren has not objected to certification of the Settlement Class. In the event any portion of the Settlement or this Order and Final Judgment is ultimately reversed, vacated, or modified in any material respect on appeal, and any portion of the Lawsuit continues, the Settlement Agreement shall have no force or effect; the Parties shall be restored, without waiver, to their respective positions prior to the Effective Date of the Settlement Agreement; certification of the Settlement Class shall be vacated; the Lawsuit shall proceed as though the Settlement Class had never been certified and the Motion for Preliminary Approval of Settlement and supporting memorandum had not been filed; and Vectren shall have the right to oppose the certification of the plaintiff class.

5. Notice to Class Members has been provided in accordance with the notice requirements specified by the Court in the Preliminary Approval Order. Such notice: (i) constituted the best notice to Class Members that was practicable under the circumstances; (ii) constituted notice that was reasonably calculated, under the circumstances, to apprise Class Members of their right to object and to appear at the Final Settlement Hearing and the binding effect of a class judgment; (iii) was reasonable and constituted due, adequate and sufficient notice to persons entitled to be provided with notice; and (iv) fully complied with the requirements of due process and the Federal Rules of Civil Procedure.

6. The Class Action Fairness Act, 28 U.S.C. § 1715 ("CAFA"), requires that certain federal and state governmental officials be given notice of a proposed class action settlement. Vectren gave CAFA notice to the United States Attorney General and to the Attorneys General of all fifty states, as well as the Attorneys General of the American Samoa, District of Columbia, Guam, Northern Marina Islands, Puerto Rico, and the U.S. Virgin Islands. Defs.' Notice of Compliance with CAFA Notice Requirements (Dkt. 89). The Court finds that Vectren's notice obligations under CAFA, and specifically 28 U.S.C. § 1715(b), have been satisfied and any notice required thereunder has been provided.

7. The Settlement is fair, reasonable, and adequate pursuant to Federal Rule of Civil Procedure 23(e)(2) and is approved in its entirety. [*If applicable:* The objection to the Settlement is overruled and denied in all respects.]

8. Class Counsel is awarded attorney fees and litigation expenses in the amount of $188,450, which Vectren shall cause to be paid in the manner set forth in Paragraph 6 of the Settlement Agreement.

Case 3:15-cv-00031-RLY-MPB Document 93-1 Filed 07/05/17 Page 4 of 6 PageID #: 1097

9. The Class Representatives are awarded an incentive payment of $36,500, which Vectren shall cause to be paid in the manner set forth in Paragraph 6 of the Settlement Agreement.

10. This case is hereby dismissed with prejudice and the releases described in the Settlement Agreement shall be deemed effective as set forth therein. Each member of the Class who has not requested exclusion as set forth in the Notice is barred from instituting, prosecuting, maintaining, or continuing with, in any capacity, any action or proceeding that asserts any of the Released Claims against the Defendant Released Parties. The Defendant Released Parties are barred from instituting, prosecuting, maintaining, or continuing with, in any capacity, any action or proceeding that relates to or arises out of the Released Litigation Claims.

11. [*If applicable*: The individuals listed in Exhibit A have validly requested exclusion from the Settlement Class and are therefore excluded. These individuals are neither included in nor bound by this Final Judgment. These individuals have no right to receive any of the relief authorized by the Settlement Agreement, but this Final Judgment does not prejudice these individuals' rights to pursue any other recovery from Vectren.]

12. Neither the Order and Final Judgment, the Settlement Agreement, nor any act performed or document executed pursuant to the Settlement Agreement, may be deemed or used as an admission of liability, fault, or wrongdoing in any criminal, civil, or administrative proceeding.

13. Without affecting the finality of this Final Judgment, the Court retains jurisdiction over the Parties to administer, supervise, construe and enforce the Settlement Agreement in accordance with its terms and conditions.

4

14. There being no just reason for delay, the Clerk is directed to enter final judgment of dismissal as to Vectren pursuant to Federal Rule of Civil Procedure 54(b).

Date: _____          _____
                                        Judge, United States District Court
                                        Southern District of Indiana

# EXHIBIT A